IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEL DON, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOM VILSACK in his official capacity as ) <br> United States Secretary of Agriculture, ) <br> UNITED STATES DEPARTMENT OF ) <br> AGRICULTURE, UNITED STATES ) <br> DEPARTMENT OF AGRICULTURE ) <br> FOREST SERVICE, KAREN JO ) <br> CALDWELL, SUSAN SKALSKI, ) <br> KATHY HARDY, CHRISTINA WELCH, ) <br> and DOES 1 through 100 inclusive, ) <br> ) <br> Defendants. ) <br> _____ ) | 1:10-CV-126 AWI DLB <br><br> **ORDER ON PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION** <br><br> [Document # 12] |

This is an action for declaratory relief, injunctive relief and damages by Plaintiff Leroy Del Don, Jr. ("Plaintiff") against the United States Department of Agriculture and individuals employed by the Department of Agriculture (collectively, "Defendants"). This action arises out of a dispute between the parties as to a paved driveway on a recreational residence owned by Plaintiff that is located in Stanislaus National Forest. The complaint in this action was filed on January 25, 2010, and primarily seeks injunctive relief to prevent Defendants from requiring the removal of asphalt paving covering the driveway, and declaratory relief declaring that the paved driveway as currently constructed conforms with all applicable regulations. In the instant motion, Plaintiff requests the court grant a temporary restraining order to prohibit certain actions

by Defendants pending the opportunity for notice and hearing on a motion for preliminary injunction to similarly restrain Defendants' actions pending the resolution of this action on the merits.

Plaintiff's application chronicles the negotiations that have been on-going between himself and Defendants. Plaintiff's application alleges, *inter alia* that:

> Despite the ongoing negotiations between [Plaintiff and [Defendants] regarding this matter and despite the representations made by [Defendants] that they would not force [Plaintiff] off his property, on January 22, 2010, [defendant Caldwell] issued a "NOTICE OF TRESPASS AND OPPORTUNITY TO SELL" to [Plaintiff]. The notice advised that [Plaintiff] has no authorization to continued to use and occupy Pinecrest Tract Lot 150 and that [Plaintiff's] recreational residence and all related improvements and/or structures and persona property located on Lot 150 are in trespass. The notice further states that [Plaintiff] must cease and desist all use and occupancy and vacate the premises immediately. The notice further states that because [Plaintiff] has failed to implement the corrective actions necessary to comply with the terms and conditions of his previous term permit, a new term permit will not be authorized.

Doc. # 13 at 6:20 - 7:1.

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F.Supp.2d 1111, 1126 (E.D.Cal.2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order."). The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

Taylor v. Westly, 488 F.3d 1197, 1200 (9th Cir.2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. The Supreme Court recently reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is " likely," not just possible. Winter v. NRDC, 129 S.Ct. 365, 374-76 (2008) (rejecting the Ninth Circuit's alternative

"sliding scale" test). The Ninth Circuit has explicitly recognized that its alternative test was overruled by Winter, and that "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.' " Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.2009) (quoting Winter, 129 S.Ct. at 374).

Rule 65(b) of the Federal Rules of Civil Procedure provides that "a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:"

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. Pro. 65(b)(1)(A)&(B).

As Plaintiff points out, temporary restraining orders are issued by courts "to preserve the status quo for a short time until the court can consider a pending motion for preliminary injunction." Doc. # 7:27 - 8:1 (citing Yukon Flats School Dist. V. Native Village of Venetie, 856 F.2d 1384, 1387 - 1388 (9 Cir. 1988). Under Fed.R.Civ.P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss or damage will result to plaintiff if the order is not issued to support their motion for a temporary restraining order. The standard for obtaining ex parte relief under Rule 65 is very stringent. Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir.2006). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974).

The letter of January 22, 2010, from defendant Caldwell on behalf of the Forest Service entitled "NOTICE OF TRESPASS AND OPPORTUNITY TO SELL" (hereinafter the "January

3

22 Letter") informs Plaintiff that he is to "cease and desist all use and occupancy, and vacate the premises immediately." Exh. # 7 to Del Don Declaration, Doc. # 18. Further, the January 22 Letter informs Plaintiff that if he does not agree by February 26, 2010, to sell the recreational property to a qualified buyer, he will be subject to the removal of improvement provisions of his previous term permit as authorized under 36 CFR 251.60(h)(2)(i). Plaintiff contends that the January 22 Letter evinces the likelihood of irreparable harm based on Plaintiff's loss of use of the property.

For purposes of a temporary restraining order, the court finds that Plaintiff has not sufficiently alleged a likelihood of irreparable harm. There is no threat of imminent destruction of the recreational facilities on the property, nor has there been any indication that the Forest Service intends to take unilateral action to remove the contested portion of driveway. At most, Plaintiff will be denied the use of the property until such time as Defendants have the opportunity to oppose Plaintiff's motion for injunctive relief and the matter can be heard by the court. The court finds that such a temporary restriction does not rise to the level of constitutional infringement or other form of irreparable harm.

In terms of likelihood on the merits, there is an insufficient basis at this point in the proceedings to find that Plaintiff is likely to succeed on the merits. While Plaintiff alleges a number of facts in support of his claim, the allegations are incomplete without a showing that those facts will be sufficient to sustain the burden placed on Plaintiff by the applicable standard of review. If, as would normally be the case in an agency decision, the court's review is limited to review for abuse of discretion, Plaintiff will be burdened to overcome a presumption of validity of agency action. At this point the court finds the facts alleged by Plaintiff are not sufficient to establish the likelihood of success against the substantial burden imposed by the abuse of discretion standard. The court is therefore unwilling to conclude that Plaintiff is likely to succeed on the merits.

Because the court finds that Plaintiff has not carried his burden to show irreparable harm and a likelihood of success on the merits at this point, the court will deny Plaintiffs request for

4

temporary restraining order and will instead order Defendants to submit their opposition and will hear the parties at the earliest possible date.

THEREFORE, for the reasons previously stated, it is hereby ORDERED that:

1. Plaintiff's request for temporary restraining order is hereby DENIED.
2. Defendants shall file and serve an opposition, if any, to Plaintiff's motion for preliminary injunction not later than Tuesday, February 16, 2010, at 4:00 p.m.
3. The parties shall appear for oral argument on Plaintiff's motion for preliminary injunction on Tuesday, February 23, 2010, at 1:30 p.m. in Courtroom 2.
4. Plaintiff's motion for preliminary injunctive relief is continued until February 23, 2010.

IT IS SO ORDERED.

**Dated:** **February 3, 2010**  /s/ Anthony W. Ishii
CHIEF UNITED STATES DISTRICT JUDGE